**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RAYMOND PARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 06-437-GPM** |
| | ) | |
| **JOHN EVANS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the

Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions

of this action are legally frivolous and thus subject to summary dismissal.

Plaintiff states that he and his cell mate, Vega, got into a confrontation in the yard. Officers apparently intervened, and Plaintiff was placed in handcuffs. Vega then attempted to punch Plaintiff, and Defendant Morrison "body-slammed" Plaintiff to the ground, causing his left arm to break. Plaintiff claims that this incident was an unjustified use of force, as he was in handcuffs and therefore presented no threat to anyone.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

From the allegations in the complaint, the Court is unable to dismiss this claim of excessive force against Morrison at this point in the litigation.

Plaintiff next alleges that all other defendants deprived him of the opportunity to file a grievance over this incident. However, "a state's inmate grievance procedures do not give rise to

a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th

Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to

follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d

644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Accordingly, Plaintiff has

failed to state a claim with respect to the availability of the grievance process.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claim regarding the grievance process is

**DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants EVANS and DOES 1-3 are **DISMISSED**

from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant

**MORRISON**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and

sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on Defendant **MORRISON** in the manner specified by Rule

4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint,

applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the

passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is

mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can

be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the

Marshal with the Defendant's last-known address upon issuance of a court order which states that

the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from Illinois Department of Corrections pursuant to this Order shall

not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received.  If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court.  He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 07/27/07


s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge